■ WHITLER CONTRACTING Co., INC., Appellant-Respondent, v NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant. — Judgment, Supreme Court, New York County, entered May 1, 1979, adjudging that plaintiff is barred from maintaining an action against defendant on any claim arising on or before October 31, 1973, is unanimously modified, on the law and the facts, and the second and third decretal paragraphs of the judgment are vacated, and judgment is directed dismissing the complaint, and the judgment is otherwise affirmed, with costs to defendant. On the previous appeal in this case (59 AD2d 882), this court directed a prior separate trial on the issue of timeliness of the commencement of this action, specifying as issues to be explored, whether the certificate of final acceptance was filed in good faith and whether the defendant is estopped from insisting on the contractual limitation of time for commencement of the action. The judgment now appealed from was rendered after that separate trial. The Trial Judge determined that defendant filed the certificate in good faith; that the issue of estoppel was moot; that, however, the contractual limitation period did not apply to extra work or to leftover work, and that therefore the limitation period barred only those causes of action arising on or before October 31, 1973, the date of completion cited in the certificate of final acceptance. We agree with the parties that the trial court erred in construing the contract as excluding extra and leftover work from the contractual limitation period. The trial court found that defendant filed a certificate of final acceptance in good faith, and we affirm that finding. We note that the work that remained

to be done after the filing of the certificate is exactly the kind of work that we referred to in our memorandum determining the earlier appeal (p 883) when we said "that construction projects frequently involve a little touching up or some minor, relatively insignificant, work to be done after the contract is essentially completed." The court said the issue of estoppel was moot in view of its determination that extra and leftover work were not covered by the contractual limitation period. The evidence is insufficient to find that defendant has estopped itself from insisting on the limitation period of the contract and we find that defendant has not so estopped itself. The action having been commenced more than one year after the date of filing of the certificate of final acceptance, it is barred by the limitation period specified in subdivision A of section 56 of the contract. Concur — Birns, J. P., Sandler, Silverman and Fein, JJ.